UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PEGGYLEE E. MARTINEZ,

      Plaintiff,

v.                                     Civ. No. 11-457 JB/DJS

PATRICIA MACRAW BROWN;
DAWNELL ASKEW; REGINA
TALANDIS; MELITA HABENICHT;
PHIL BLACKSHEAR; KAREN BLACKSHEAR;
BILLIE TUCKER; CECIL TUCKER;
SUSAN WHITE; THE FAR SOUTH VALLEY
HOMEOWNERS ASS'N and LESLIE FINCHER,
its President,

      Defendants.

MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION[1]

      THIS MATTER was referred to the undersigned pursuant to the *Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings* [Doc. 4], filed June 2, 2011.  For the reasons stated below, the Court recommends Plaintiff's *Application to Proceed in District Court Without Prepaying Fees or Costs* ("Motion to Proceed IFP") [Doc. 3] be DENIED, and the Complaint be dismissed without prejudice.

I.      BACKGROUND

      Plaintiff pro se PeggyLee E. Martinez alleges Defendants violated her civil rights by

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation.  If no objections are filed, no appellate review will be allowed.

opposing her efforts to obtain a special use permit.  The allegations below are taken from the Complaint and the Court accepts them as true for purposes of screening the Complaint under 28 U.S.C. § 1915(e).

A Bernalillo County Zoning Inspector issued Ms. Martinez a notice of violation on February 26, 2010, for storing a semi-tractor trailer on her property in violation of the zoning code.  Ms. Martinez was advised that if she wished to continue to park the truck on her property she would have to apply for a special use permit, which she did on May 24, 2010.  At a public hearing on September 1, 2010, the County Planning Department and County Planning Commission recommended the permit be denied.  The Bernalillo County Board of Commissioners did not adopt the recommendation and issued the special use permit to Ms. Martinez on October 26, 2010.  [Doc. 1 at 3.]

The defendants named in the Complaint are the Far South Valley Homeowner's Association, its purported president Leslie Fincher, and nine other individuals.  According to the Complaint, Defendants appealed the Board's decision to the state district court on November 15, 2010.  The district court concluded the Board's decision to issue the special use permit was arbitrary and capricious because it was not based on substantial evidence that the special use permit would be a public benefit, and reversed the decision.  Ms. Martinez alleges she received notice of the district court's ruling on April 24, 2011, though the decision apparently was entered on March 30, 2011. [Doc. 1 at 3; Doc. 5 at 3.]

Ms. Martinez alleges the state court's order reversing the grant of the special use permit was in error because she met the criteria for a permit.  [Doc. 1 at 6.]  She also alleges several of her white, male neighbors are allowed to operate trucks and trailers out of their properties, but Defendants targeted her for opposition because she is female, Hispanic, and Native American.  [Id.

2

at 8–9.]

The Complaint contains three counts.  In Count I, Ms. Martinez contends Defendants violated her due process and equal protection rights by naming her as an interested party in the state court proceedings but not allowing her to participate.  [Doc. 1 at 4.]  Ms. Martinez also takes issue with the state court's opinion, which she quotes extensively in her complaint, and which she also submitted in its entirety.  [Id. at 4–7; Doc. 5 at 3–9.]  Count II, liberally construed, attempts to allege violations of Titles VI and VII of the Civil Rights Act of 1964, and of 42 U.S.C. sections 1981 and 1982.  Count III attempts to allege state law claims for defamation and assault.  [Id. at 9–11.]  Ms. Martinez requests the Court award her one million dollars in damages, a "special use permit for life," and that it put an end to the racism and harassment she allegedly suffers.  She also requests injunctive relief to prevent Defendants from invading her privacy and dispersing false information about her.  [Id. at 13.]

## II.   LEGAL STANDARDS

Ms. Martinez seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915.  [Doc. 3.] The Court is thus obligated to review Ms. Martinez' affidavit and to screen her case under 28 U.S.C. §§ 1915(a) and (e).

A party wishing to proceed IFP must demonstrate that she cannot because of her poverty pay or give security for the costs and still be able to provide herself with the necessities of life.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  In addition to showing a financial inability to pay the filing fee, the movant also must show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action."  *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

Even if a plaintiff is indigent, the case must be dismissed if a complaint fails to invoke the

subject-matter jurisdiction of the Court or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  "Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (citations omitted). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted).  Thus, citing a federal statute will not, by itself, invoke the Court's subject-matter jurisdiction if the complaint is devoid of facts to support a cause of action under that statute.

The Court also must dismiss a complaint, notwithstanding the payment of any portion of the filing fee, if it determines the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Under these standards, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). The Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

## III.   ANALYSIS

### A.      Ms. Martinez has failed to show indigency.

The Motion to proceed IFP should be denied because Ms. Martinez has not shown she is unable to pay the filing fee.  Ms. Martinez, who has no dependents, receives $2240/month from employment and has $300 in her checking account.  [Doc. 3 at 1–2.]  She owns, free and clear, a

4

vehicle and a tractor/trailer valued at $45,000.  [Id. at 3, 4.]  She claims mortgage and utility

expenses of $455/month; pays $53/month for automobile insurance and $27/month for homeowner's

insurance; pays $60/month in property taxes; and spends $200/month for food and $100/month for

medical expenses.  [Id. at 4.]  She claims to spend $280/month for transportation.  [Id.]

    The Court concludes Ms. Martinez has sufficient income to pay the filing fee and is thus not

entitled to in forma pauperis status.  The Motion to proceed IFP therefore should be denied.

**B.      The Court lacks jurisdiction over Count I.**

    Ms. Martinez filed her complaint on a form used for actions brought under 42 U.S.C. § 1983.

[Doc. 1.]  She alleges jurisdiction under 28 U.S.C. § 1343(3).  [Id. at 1.]

    In Count I, Ms. Martinez alleges that Defendants (appellants in the state court proceeding)

violated her federal and state constitutional rights to due process and equal protection because she

was not allowed to participate in the proceedings in the Second Judicial District.  [Doc. 1 at 4.]  Ms.

Martinez was named as an "interested party" on the state court's Memorandum Opinion and Order.

[Doc. 5 at 3.]  She alleges no facts describing how Defendants prevented her from participating in

the state court proceedings.

    More importantly, Ms. Martinez expressly denies Defendants were acting under color of

state law.  [Doc. 1 at 1.]  To confer federal subject matter jurisdiction under section 1983, the alleged

constitutional violation must have been committed by a person acting under color of state law.  *West

v. Atkins*, 487 U.S. 42, 48 (1988); *see also Elliott v. Chrysler Fin.*, 149 F.App'x 766, 767–68 (10th

Cir. 2005) (unpublished) (holding that under 28 U.S.C. § 1343 state action is an element of cause

of action as well as a jurisdictional requirement).  Because Defendants did not act under color of

state law, the Court lacks jurisdiction.

    The Court also lacks jurisdiction to the extent Ms. Martinez seeks to overturn the state court

5

decision.  Under the *Rooker-Feldman* doctrine, the Court does not have appellate jurisdiction over state-court judgments.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").  Accordingly, the Court is without jurisdiction and Count I should be dismissed.

  **C.**  **Count II fails to state a claim upon which relief may be granted.**

  Ms. Martinez alleges Defendants' actions violated Titles VI and VII of the Civil Rights Act of 1964, and 42 U.S.C. sections 1981 and 1982.  The Court concludes the Complaint fails to state a claim under any of these statutes.

    **1.**  **Title VI**

  Title VI of the Civil Rights Act of 1964 states:  "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  Civil Rights Act of 1964, § 601, 42 U.S.C. § 2000d.  The primary purpose of Title VI and similar statutes is to prevent recipients of federal financial assistance from using the funds in a discriminatory manner.  *Davis Next Friend LaShonda D. v. Monroe County Bd. of Educ.*, 526 U.S. 629, 658–59 (1999).

  Title VI coverage turns on the receipt of "federal financial assistance."  *Venkatraman v. REI Sys. Inc.*, 517 F.3d 418, 421 (4th Cir. 2005) (holding that Title VI applies only if the government intends to provide a subsidy).  Ms. Martinez fails to state a claim under Title VI because she does not allege that any of the Defendants receive federal financial assistance.

2.      **Title VII**

Title VII also does not apply here.  Title VII of the Civil Rights Act of 1964 prohibits "employers" from engaging in "unlawful employment practices."  42 U.S.C. § 2000e-2(a).  It was enacted "to assure equality of employment opportunities by eliminating those practices and devices that discriminate on the basis of race, color, religion, sex, or national origin." *Alexander v .Gardner-Denver Co.*, 415 U.S. 36, 44 (1974); *see also Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 457–58 (1975) (Title VII prevents discrimination in employment).

Although Ms. Martinez alleges the denial of a special use permit affects her livelihood, the complaint cannot reasonably be construed to allege employment discrimination.  She does not allege an unlawful employment practice nor does she allege Defendants were her employers.  The Title VII claim therefore should be dismissed.

3.      **Sections 1981 and 1982**

Section 1981 prohibits racial discrimination in, among other things, the making and enforcement of private contracts:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and no other.

42 U.S.C. § 1981.

Section 1982 prohibits racial discrimination with respect to property transactions:

> All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by the white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

42 U.S.C. § 1982.

Sections 1981 and 1982 were enacted after the Civil War and indicate "that Congress

7

intended to protect a limited category of rights, specifically defined in terms of racial equality." *Gen. Bldg. Contractors Ass'n v. Penn.*, 458 U.S. 375, 384 (1982) (citation and quotation marks omitted).  Both sections "prohibit all racial discrimination, whether or not under color of law, with respect to the rights enumerated therein."  *Gen. Bldg. Contractors Ass'n*, 458 U.S. at 387 (quotation marks and citations omitted).  Furthermore, because they derive from the same legislation but were re-codified as distinct sections, courts construe the scope of both sections identically.  *Runyon v. McCrary*, 427 U.S. 160, 170 (1976).

To the extent Ms. Martinez claims discrimination based on gender, the claims must be dismissed.  Although sections 1981 and 1982 prohibit racial discrimination, they do not prohibit national origin or gender discrimination.  *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, No. Civ. 02-1509 JB/RLP, 2006 WL 4079033, *2–*4 (D.N.M. June 6, 2006) (unpublished).

Ms. Martinez's claims that Defendants discriminated against her because she is Hispanic come within the scope of sections 1981 and 1982.  *Trujillo*, 2006 WL 4079033 at *4.  The Court nevertheless concludes the claims should be dismissed.  Although sections 1981 and 1982 have been construed to apply in a wide variety of circumstances, they protect a limited category of rights and the Court is aware of no precedent that supports expanding their reach to the circumstances in this case.

Construed liberally, Ms. Martinez's complaint alleges that Defendants, motivated by racial bias, opposed the granting of a special use permit that would allow Ms. Martinez, who lives in their neighborhood, to park her semi-tractor trailer on her property.  Defendants opposed the special use permit at various public hearings.  When the Bernalillo County Board of County Commissioners granted the permit, Defendants appealed the decision to the state district court and prevailed in having the Board's decision set aside.

8

Taken as true, these facts allege nothing more than that Ms. Martinez and Defendants were adversaries in litigation.  The Tenth Circuit holds that the Civil Rights statutes do not provide a cause of action where a plaintiff is simply seeking review of an unfavorable state court decision:

> It is conceivable that persons, either individually or acting in concert might so use the state judicial process without due process of law, or of equal protection of the laws, yet we are certain that to make out a cause of action under the Civil Rights Statutes,[2] the state court proceeding must have been a complete nullity, with a purpose to deprive a person of his property without due process of law.  To hold otherwise would open the door wide to every aggrieved litigant in a state court proceeding, and set the federal courts up as an arbiter of the correctness of every state decision.

*Bottone v. Lindsley*, 170 F.2d 705, 707 (10th Cir. 1948) (footnote added).  Although the question at issue in *Bottone* was whether the defendants were acting under color of law, the Court concludes the reasoning applies with at least equal force here where Defendants did not act under color of law.

Defendants advocated against the special use permit but did not themselves have the authority to deny it.  Although Ms. Martinez claims Defendants "targeted" her for opposition while other white, male neighbors were allowed to park vehicles on their property, she does not challenge the zoning laws, the procedures for obtaining a special use permit, or the administrative process. Even assuming Defendants were motivated by racial bias, Ms. Martinez does not identify any improper means Defendants used to oppose her.  The Complaint alleges at most that Defendants availed themselves of the state court remedy for persons aggrieved by an administrative decision. The Court concludes the Complaint fails to state a claim under § 1981 or § 1982.

### D.    Count III  - State law claims should be dismissed

In Count III, Ms. Martinez appears to allege state law claims for defamation and assault. [Doc. 1 at 9–11.]  By statute, federal district courts have supplemental jurisdiction over state law

---

[2]8 U.S.C. §§ 41– 43 (transferred to 42 U.S.C. §§ 1981 – 1983)

claims that are part of the "same case or controversy" as the federal claims.  28 U.S.C. § 1367(a).

Once the federal claims are dismissed, however, the most common response is to dismiss the

supplemental state law claims without prejudice unless the parties have already expended a great

deal of time and energy on them.  *United States v. Botefuhr*, 309 F.3d 1263, 1273 (10th Cir. 2002).

      Having concluded that Ms. Martinez's federal claims should be dismissed, the Court finds

no compelling reason to assert jurisdiction over the state law claims.   The Court therefore

recommends dismissing Count III.

## IV.    CONCLUSIONS and RECOMMENDED DISPOSITION

      The Court concludes Plaintiff has sufficient income to pay the filing fee and recommends

the Motion to Proceed IFP be denied.  The Court further recommends the Complaint be dismissed

without prejudice because federal subject matter jurisdiction over Count I is lacking, Count II fails

to state a claim upon which relief can be granted, and Count III alleges only state law claims.


_____

DON J. SVET

United States Magistrate Judge