**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PEGGYLEE E. MARTINEZ,

    Plaintiff,

vs.                                                                                                                                          No. CIV 11-0457 JB/DJS

PATRICIA MACRAW BROWN;
DAWNELL ASKEW; REGINA
TALANDIS; MELITA HABENICHT;
PHIL BLACKSHEAR; KAREN BLACKSHEAR;
BILLIE TUCKER; CECIL TUCKER;
SUSAN WHITE; THE FAR SOUTH VALLEY
HOMEOWNERS ASS'N; and LESLIE FINCHER, its
President,

    Defendants.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 23, 2011 (Doc. 7)("PFRD"); (ii) the Plaintiff's Objections to Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 7, 2011 (Doc. 8)("Objections"); and (iii) the Plaintiff's Motion to Amend Application to Proceed in District Court Without Prepaying Fees or Costs, filed July 7, 2011 (Doc. 9)("Motion to Amend"). The primary issues are: (i) whether the Court should sustain Plaintiff PeggyLee E. Martinez' objections to the PFRD; (ii) whether the Court should adopt the Honorable Don J. Svet, United States Magistrate Judge's PFRD; and (iii) whether the Court should grant Martinez permission to proceed in forma pauperis under 28 U.S.C. § 1915. After conducting a de novo review of the PFRD, the Objections, the record, and the relevant legal authorities, the Court overrules the Objections, adopts the PFRD, denies Martinez leave to proceed in forma pauperis, and dismisses the case.

**FACTUAL BACKGROUND**

The Complaint alleges the following facts. Martinez is a resident of Bernalillo County who applied for a special use permit that would enable her to park her semi-tractor-trailer on her property. See Complaint at 3. The Defendants are nine individuals, the Far South Valley Homeowners' Association, and its President, all of whom opposed the special use permit. See Complaint at 4, 6. The County Planning Commission held a public hearing on Martinez' application on September 1, 2010, and recommended denying the permit. See Complaint at 3. Martinez appealed to the Bernalillo County Board of County Commissioners ("Board of County Commissioners"), which held a public hearing on October 26, 2010, and granted the special use permit. See Complaint at 3.

The Defendants appealed the Board of County Commissioners' decision to the state district court. The state court reversed the Board of County Commissioners after finding found its decision to issue the special use permit was arbitrary and capricious because it was "not based on substantial evidence that the special use permit would be a public benefit." Complaint at 4.

**PROCEDURAL BACKGROUND**

Martinez filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 on May 27, 2011. See Doc. 1 ("Complaint"). Martinez brought this action alleging that the Defendants violated her civil rights in connection with a New Mexico state court proceeding that involved the denial of a land use permit. Martinez asserts indigency and seeks leave to proceed in forma pauperis. See Application to Proceed in District Court Without Prepaying Fees or Costs, filed May 27, 2011 (Doc. 3)("Motion for IFP"). The Court referred the matter to Judge Svet for a recommendation. See Order of Reference Relating to Bankruptcy Appeals, Social Security Appeals, Prisoner Cases, non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings, filed June 2, 2011 (Doc. 4).

Martinez alleges three counts based on Defendants' actions in opposing the special use permit. Count I is a claim for violation of her constitutional due-process and equal-protection rights. See Complaint at 4-7. Count II alleges that the Defendants violated Titles VI and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through e-17, and 42 U.S.C. §§ 1981 and 1982. See Complaint at 7-9. Count III asserts claims for defamation, "false light publicity," and invasion of privacy. See Complaint at 9-11.

Judge Svet concluded: (i) Martinez has sufficient income and assets to pay the filing fee; (ii) the Court lacks jurisdiction over Count I, the claims under 42 U.S.C. § 1983; (iii) Count II fails to state a claim under Titles VI and VII of the Civil Rights Act of 1964, or under 42 U.S.C. §§ 1981 and 1982; and (iv) the Court should decline jurisdiction over Count III (state law claims). Based on these conclusions, Judge Svet recommended that the Court deny the Motion for IFP and dismiss the Complaint.

Martinez filed timely Objections to Magistrate Judge's Proposed Findings and Recommened [sic] Desposition [sic]. See Doc. 8 ("Objections"). Martinez also contends that her Motion for IFP contained mistakes and was not filled out properly, and she submitted a Motion to Amend the application.

**STANDARD FOR DISTRICT COURT'S REVIEW OF MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATION**

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) governs objections: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations." Finally, when resolving objections to a magistrate judge's proposal: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known as: 2121 East 30th Street, Tulsa, Oklahoma, 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." One Parcel, 73 F.3d at 1059. In One Parcel, the Tenth Circuit, like many other courts of appeals, expanded the waiver rule, which precludes appellate review of any issues not timely raised in objections to a magistrate's report, to cover objections that are timely but too general. The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." Id. at 1060.

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" Id. (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)(brackets added by One Parcel). Moreover, the Supreme Court -- in the course of approving the use of the waiver rule -- has noted that, in the district court, even a failure to object at all "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard." Thomas v. Arn, 474 U.S. at 154. In One Parcel,

the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de-novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule.  See 73 F.3d at 1060-61 (citing cases from other circuits where district court elected to address merits despite potential application of waiver rule, but circuit court opted to enforce waiver rule).

In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit specifically noted that it was proper for a district court to deem waived issues to which there is no objection.  See Pevehouse v. Scibana, 229 Fed.Appx. 795, 796 (10th Cir. 2007)(noting that "the district court correctly held that he had waived this argument by failing to raise it before the magistrate").

## STANDARD FOR REVIEW OF PRO SE PLEADINGS

Because Martinez is pro se, the Court liberally construes her filings.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  This principle means "that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  Hall v. Bellmon, 935 F.2d at 1110.  The broad reading afforded a pro se complaint, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."  Hall v. Bellmon, 935 F.2d at 1110.  Furthermore, the Court may not assume the role of

advocate for the pro se litigant. See Hall v. Bellmon, 935 F.2d at 1110.

## ANALYSIS

The Court overrules Martinez' Objections. The Court also adopts the PFRD. Finally, the Court denies as moot Martinez' Motion to Amend.

**I.    THE COURT OVERRULES MARTINEZ' OBJECTIONS TO THE RECOMMENDED DISMISSAL OF COUNT I.**

Count I alleges various constitutional violations which generally are actionable under 42 U.S.C. § 1983. Judge Svet concluded that federal jurisdiction is lacking, however, because Martinez denied in her Complaint that the Defendants were acting under color of state law. See Complaint at 1; PFRD at 5. Judge Svet also concluded that, under the Rooker-Feldman doctrine, the Court lacks jurisdiction to review state court judgments. See PFRD at 6.

The Court liberally construes Martinez' Objections to assert several challenges to Judge Svet's conclusion that jurisdiction over Count I is lacking. First, Martinez argues that the Board of County Commissioners' decision to issue her a permit was not arbitrary and capricious, and that the state district court therefore erred in reversing the decision. See Objections at 1-3.[1]  Second,

---

[1] The state court proceedings have concluded unfavorably for Martinez, and she seeks to undo the state court's judgment. With regard to the first objection, Judge Svet interpreted Martinez' argument to contend that the state court's decision injured her, and to invite the Court to review the merits of the decision and overturn it. Judge Svet rejected this argument, because federal district courts do not have appellate jurisdiction over state court judgments. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The Rooker-Feldman doctrine precludes the Court from exercising jurisdiction over "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. at 284. The Court is unclear, after carefully reviewing Martinez' Complaint and Objections, whether Martinez asks the Court to declare void the state court decision, such that she would contravene the Rooker-Feldman doctrine, or whether she argues that the state court procedure is constitutionally deficient. Because the Court concludes it lacks subject-matter jurisdiction over Count I on other grounds, it need not resolve this matter.

Martinez objects to Judge Svet's conclusion that she has failed to adequately allege that the Defendants were acting under color of state law. The Court overrules her second objections, and therefore concludes that it lacks subject-matter jurisdiction over Count I.

With regard to her second objection, Martinez argues that Judge Svet erroneously concluded that she failed to allege Defendants acted under color of state law. See Objections at 7-9. She alleges jurisdiction under 28 U.S.C. § 1343 and under 42 U.S.C. § 1983. See Complaint at 2. "Ordinarily, § 1983 plaintiffs assert federal question jurisdiction under 28 U.S.C. § 1331, and the state action requirement is treated only as an element of the claim." Elliott v. GEICO, No. CIV-06-0234 JB/ACT, 2006 WL 4109669, at *5 (D.N.M. July 27, 2006)(Browning, J.)(quoting Elliott v. Chrysler Fin., 149 F. App'x 766, 768-69 (10th Cir. 2005)). To establish subject-matter jurisdiction under § 1343, however, the plaintiff must show that the defendants acted "under color of any State law . . . ." 28 U.S.C. § 1343(a)(3). See Elliott v. GEICO, 2006 WL 4109669, at *5 ("[W]here jurisdiction is asserted under § 1343 and not under § 1331, the state action requirement is jurisdictional."). In Mehdipour v. Matthews, 386 F. App'x 775 (10th Cir. 2010), the Tenth Circuit stated:

> [W]e have explained in a previous, unpublished decision, a plaintiff's failure to properly allege a "state action" in a § 1983 complaint strips the district court of subject matter jurisdiction only if jurisdiction is alleged under 28 U.S.C. § 1343(3). See Elliott v. Chrysler Fin., 149 F. App'x 766, 768-69 (10th Cir. 2005); see also Monks v. Hetherington, 573 F.2d 1164, 1167 (10th Cir. 1978) ("There is no demonstration of state action and, therefore, no basis for civil rights jurisdiction [pursuant to 28 U.S.C. § 1343(3) ] in the case at bar."). If, however, jurisdiction is alleged under 28 U.S.C. § 1331, the failure to properly allege a "state action" warrants dismissal pursuant to Fed. R. Civ. P. 12(b)(6), rather than pursuant to Fed. R. Civ. P. 12(b)(1). See Elliott, 149 F. App'x at 768-69; see also West v. Atkins, 487 U.S. 42, 48 . . . (1988) ("To state a claim under § 1983, a plaintiff . . . must show that the alleged deprivation was committed by a person acting under color of state law.").

386 F. App'x at 778 n.3. See Elliott v. Chrysler Fin., 149 F. App'x at 768-69 ("Because Mr. Elliott

asserted jurisdiction only under § 1343, the state action requirement is an element of Mr. Elliott's cause of action as well as a jurisdictional prerequisite."); Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1514 n.2 (9th Cir. 1987)("We take the court's use of 'state action' to mean under color of state law, which is a requirement for jurisdiction under 28 U.S.C. § 1343 and an element of a claim for relief under 42 U.S.C. § 1983."); Moore v. Marketplace Restaurant, Inc., 754 F.2d 1336, 1354 (7th Cir. 1985)("28 U.S.C. § 1343(3) provides that jurisdiction exists for § 1983 claim only to redress constitutional deprivation taken 'under color of any state law.'"  (citing Finch v. Miss. State Med. Ass'n, Inc., 585 F.2d 765, 780 (5th Cir. 1978))).  As the United States Court of Appeals for the Eighth Circuit stated in Lubin v. Crittenden Hospital . Association, 713 F.2d 415 (8th Cir. 1983):

> Lubin argues that the disciplinary action of the Hospital constituted state action so as to invoke federal jurisdiction pursuant to 42 U.S.C. § 1983 in conjunction with 28 U.S.C. § 1343(3).  It is well established that if the action of the Hospital was a purely private action, then section 1983 affords no basis for federal jurisdiction and Lubin's claim was properly dismissed for lack of subject matter jurisdiction.

713 F.2d at 415 (citing Robinson v. Bergstrom, 579 F.2d 401, 404 (7th Cir. 1978))).  Conduct by a person acting under color of state law also is an element of a cause of action under § 1983.  See 42 U.S.C. § 1983.  To satisfy the state action requirement, "the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State."  Lugar v. Edmonson Oil Co., 457 U.S. 922, 937 (1982).  See Examining Bd. of Engineers, Architects and Surveyors v. Flores de Otero, 426 U.S. 572, 581-82 (1976)(explaining that the state action elements in § 1343 and § 1983 were "deemed to coincide").

Despite denying in her Complaint that the Defendants were acting under color of law, Martinez now argues in her Objections that Defendants "did act under color of state law from the

beginning of the application for special use permit to hiring an attorney and filing suit against [the Board of County Commissioners]." Objections at 8. In her Objections, Martinez supplies additional factual support -- omitted from the Complaint -- describing the conduct she contends violated her due-process rights. She alleges that the Deputy County Attorney who represented the Board of County Commissioners told her that, although she was an "interested person," the case did not concern her, and he thereafter refused to return her telephone calls. Objections at 8. She further contends the attorney for the Defendants, appellants in the state court proceeding, also refused to return her calls. Objections at 8.

Jurisdiction over Martinez' purported constitutional claims is lacking, because she has alleged no facts -- either in her Complaint or in her Objections -- to support her assertion that Defendants acted under color of state law. Martinez does not contend that Defendants, private individuals and a neighborhood association, are state officials. Furthermore, the Defendants' private conduct is not chargeable to the state solely because they used a public forum to advocate against a special use permit, hired an attorney, and pursued state court remedies. See Dennis v. Sparks, 449 U.S. 24, 28 (1980)(stating that party cannot be said to be acting under color of state law for purposes of § 1983 by "merely resorting to the courts and being on the winning side of a lawsuit"). See also Lugar v. Edmonson Oil Co., 457 U.S. at 937 (stating that, without "state action" requirement, "private parties could face constitutional litigation whenever they seek to rely on some state rule governing their interactions with the community surrounding them"). The Court therefore concludes that Martinez has failed to allege state action.

In addition to her Objections, Martinez asserts a number of other arguments in support of jurisdiction. None convince the Court that it may exercise jurisdiction over Count I. She argues that the "Dead Man's Statute" applies. Objections at 3. The Court disagrees. In general, a Dead Man's

Statute is a rule of evidence that prevents a claimant in a suit from obtaining judgment solely on his or her own evidence with respect to any matter occurring before the death of the deceased person, unless the evidence was corroborated. See In re Estate of Bergman, 107 N.M. 574, 577, 761 P.2d 452, 455 (Ct. App. 1988)(citing NMSA 1953, § 20-2-5; repealed by 1973 N.M. Laws, ch. 223, § 2, effective July 1, 1973). In New Mexico, the Dead Man's Statute has been superseded by modern rules of evidence regarding relevance and hearsay. See In re Estate of Berman, 107 N.M. at 577, 761 P.2d at 455. The Dead Man's Statute has no application to this case, nor bearing on federal jurisdiction.

The Court has reviewed the Complaint and the Objections, and finds no other basis for federal jurisdiction over Count I. There is no indication the parties are diverse or that this is a class action. See Objections at 4 (citing 28 U.S.C. § 1332(d)). Martinez' citation to 42 U.S.C. § 1981a, relating to damages in cases of intentional employment discrimination, and to 42 U.S.C. § 1443, relating to removal of certain civil rights cases and criminal prosecutions, also are inapposite. See Objections at 4-5.

Judge Svet correctly concluded that federal jurisdiction over Count I is lacking. The Court therefore overrules Martinez' objections to the recommended dismissal of Count I.

## II.  THE COURT OVERRULES MARTINEZ' OBJECTIONS TO THE RECOMMENDED DISMISSAL OF COUNT II.

In Count II, Martinez alleges that the Defendants violated Titles VI and VII of the Civil Rights Act of 1964, and 42 U.S.C. §§ 1981 and 1982. See Complaint at 7-9. Judge Svet recommended all four claims be dismissed for failure to state a claim.

### A.  MARTINEZ FAILS TO STATE A CLAIM UNDER TITLE VI.

A Title VI claim turns on the receipt of "federal financial assistance." Venkatraman v. REI

Sys. Inc., 417 F.3d 418, 421 (4th Cir. 2005). Judge Svet concluded that the Complaint fails to state a Title VI claim, because it does not allege that the Defendants receive federal financial assistance. See PFRD at 6.

Martinez does not argue Judge Svet's conclusion is in error, nor does she contend that the Defendants receive a federal subsidy that would subject them to Title VI liability. Instead, she concedes that federal financial assistance is an element of a Title VI claim and proposes to subpoena the Defendant homeowners' association's financial records to determine if it receives federal grants. See Objections at 6.

Martinez' failure to make a specific objection constitutes waiver for purposes of district court or appellate review. See One Parcel of Real Property, 73 F.3d at 1060. Furthermore, her proposal to subpoena the homeowners' association is not a substitute for plausible allegations in the complaint. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)("Factual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Gee v. Pacheco, 627 F.3d 1178, 1184 (10th Cir. 2010)(quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)). A plaintiff cannot file a claim without any factual basis in the hope that something will turn up in discovery. The Complaint contains no facts or allegations from which the Court can reasonably infer that the individual Defendants and the homeowners' association are the recipients of a federal subsidy. Count II therefore does not state a plausible claim for Title VI relief, and Judge Svet correctly concluded that it be dismissed.

      **B.     MARTINEZ FAILS TO STATE A CLAIM UNDER TITLE VII.**

Title VII prohibits "employers" from engaging in "unlawful employment practices." 42

-11-

U.S.C. § 2000e-2(a). Judge Svet concluded that, although Martinez alleges that the Defendants violated Title VII, her Complaint cannot reasonably be construed to allege employment discrimination. See PFRD at 7.

Martinez does not make a specific objection to Judge Svet's conclusion that the Complaint fails to state a claim under Title VII. She implicitly concedes an employment relationship between her and any of the Defendants does not currently exist, and contrives a series of events that could lead to a situation in which the Defendants employ her in the future. See Objections at 6. Events that Martinez speculates may happen in the future will not sustain cause of action for employment discrimination in the present. Martinez' Complaint contains no facts or allegations that support a plausible claim for Title VII relief. Judge Svet therefore correctly concluded it fails to state a claim.

**C.  MARTINEZ HAS WAIVED OBJECTION TO THE RECOMMENDED DISMISSAL OF CLAIMS UNDER 42 U.S.C. §§ 1981, 1982.**

Judge Svet concluded the Complaint fails to state a claim under either § 1981 or § 1982. See PFRD at 9. Martinez did not object to this conclusion and review is therefore waived. "'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" One Parcel, 73 F.3d 1057, 1059 (10th Cir. 1996)(quoting Thomas v. Arn, 474 U.S. at 147). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." Id. at 1060.

**III.  MARTINEZ HAS WAIVED OBJECTION TO THE RECOMMENDED DISMISSAL OF COUNT III.**

Judge Svet concluded Count III alleges only state law claims and recommended the Court decline to exercise jurisdiction over them given the recommended dismissal of the purported federal claims asserted in Counts I and II. Martinez did not object, and review is therefore waived. "[A]

party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060.

### IV. **THE COURT WILL NOT GRANT LEAVE TO AMEND**.

Martinez has not sought leave to amend the Complaint. Nevertheless, a plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend." Hall v. Bellmon, 935 F.2d at 1110.

Martinez is not "close to stating a claim." The allegations are that Martinez and the Defendants were adversaries in litigation over a special use permit. As Judge Svet stated, "Defendants advocated against the special use permit but did not themselves have the authority to deny it." PFRD at 9. "Even assuming Defendants were motivated by racial bias [as alleged in the Complaint], Ms. Martinez does not identify any improper means Defendants used to oppose her. The Complaint alleges at most that Defendants availed themselves of the state court remedy for persons aggrieved by an administrative decision." PFRD at 9. In short, Martinez is seeking review of an unfavorable state court decision. After reviewing the additional factual allegations supplied in the Objections, the Court concludes it is "patently obvious" she cannot "prevail on the facts alleged, and allowing [her] an opportunity to amend [her] complaint would be futile." Hall v. Bellmon, 935 F.2d at 1110.

### V. **THE MOTION TO AMEND THE APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS IS MOOT.**

In addition to filing Objections, Martinez filed a Motion to Amend Application to Proceed

in District Court Without Prepaying Fees or Costs. See Doc. 9.[2] Given the Court's conclusion that it should dismiss the Complaint, the Motion to Amend Application to Proceed in District Court Without Prepaying Fees or Costs is moot.

**IT IS ORDERED** that: (i) Plaintiff PeggyLee E. Martinez' Objections to Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 7, 2011 (Doc. 8), are overruled; (ii) the Court adopts the Magistrate Judge's Proposed Findings and Recommended Disposition, filed June 23, 2011 (Doc. 7); (iii) the Application to Proceed In District Court Without Prepaying Fees or Costs, filed May 27, 2011 (Doc. 3), is denied; (iv) the Plaintiff's Motion to Amend Application to Proceed in District Court Without Prepaying Fees or Costs, filed July 7, 2011 (Doc. 9), is denied as moot; (v) Counts I and III are dismissed without prejudice; and (vi) Count II is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

PeggyLee E. Martinez
Albuquerque, New Mexico

    *Plaintiff pro se*

---

[2] The Court notes that the motion is signed, but the affidavit in support of the amended application itself is neither signed nor dated. See Doc. 9 at 1, 2.